**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JOSÉ ALFREDO PRIETO-RIVERA,<br><br>**Plaintiff**<br><br>v.<br><br>AMERICAN AIRLINES, INC.<br><br>**Defendant.** | **CIVIL NO.** 21-1034(RAM) |

**OPINION AND ORDER**[1]

RAÚL M. ARIAS-MARXUACH, District Judge

Pending before the Court is Defendant American Airlines, Inc.'s ("Defendant" or "AA") unopposed *Motion to Dismiss Complaint* ("*Motion*"). (Docket No. 12). The Court **GRANTS** the *Motion* for the following reasons.

**I. BACKGROUND**

On November 28, 2020, Plaintiff José Alfredo Prieto-Rivera ("Plaintiff") sued AA in state court ("*Complaint*"). (Docket Nos. 1, 1-1 at 3, certified translation 8-1 at 3). Plaintiff is a fleet worker employed by AA and is based at the Luis Muñoz Marín Airport in San Juan, Puerto Rico. (Docket No. 12 at 1). He is a member of the Fleet Service Association TWU/IAM ("TWU") and, as a unionized employee, is subject to the terms and conditions of a Collective

---

[1] Natasha Ramos-Ayala, a rising third-year student at the University of Puerto Rico School of Law, assisted in the preparation of this Opinion and Order.

Bargaining Agreement ("CBA"), the most recent of which was signed by American and TWU on March 26, 2020. (Docket Nos. 12 at 2 and 12-1 at 1 and 3). The *Complaint* claims AA owes Plaintiff $5,040.00 in sick leave, pertaining to a period from November 2-25, 2020, where he was under an order of quarantine by the Puerto Rico Department of Health. (Docket No. 8-1 ¶ 9). He also claims that pursuant to Puerto Rico's Minimum Wage, Vacation, and Sick Leave Act of 1998 ("Law 180"), P.R. Laws Ann. tit. 29, § 250, he is due additional compensation equal to the pay owed for a total of $10,080.00, plus costs, expenses, attorney's fees, and interests. Id. ¶ 20.

On January 22, 2021, AA removed the case to Federal Court. (Docket No. 1). Subsequently, on March 19, 2021 and pursuant to Fed. R. Civ. P. 12(b)(6), AA moved to dismiss the *Complaint*. (Docket No. 12). Defendant argues the issue regarding Plaintiff's sick leave payment is a minor dispute that must be decided by an "adjustment board." Id. at 2, 3 and 6. Therefore, Defendant claims the Railway Labor Act ("Act" or "RLA"), 45 U.S.C. §§151-188, preempts any state law claims under Law 180. Id. at 8-10.

## II. LEGAL STANDARD

### A. Dismissal for Lack of Subject Matter Jurisdiction Under Fed. R. Civ. P. 12(b)(1)

Federal courts are deemed courts "of limited jurisdiction, limited to deciding certain cases and controversies." Belsito

Commc'ns, Inc. v. Decker, 845 F.3d 13, 21 (1st Cir. 2016). The "party asserting jurisdiction has the burden of demonstrating its existence." Lopez-Ramos v. Cemex de Puerto Rico, Inc., 2020 WL 4224190, at *2 (D.P.R. 2020) (quotation omitted). Pursuant to Fed. R. Civ. P. 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction. There are two ways for a defendant to challenge the existence of subject matter jurisdiction: a "facial attack" or a "factual attack." Lopez-Ramos, 2020 WL 4224190, at *2.

"In a facial attack, a defendant argues that the plaintiff did not properly plead jurisdiction." Compagnie Mar. Marfret v. San Juan Bay Pilots Corp., 532 F. Supp. 2d 369, 373 (D.P.R. 2008) (quotation omitted). The court must take all the allegations in the complaint as true and determine if the plaintiff sufficiently evinced a basis of subject matter jurisdiction. *See* Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 162 (1st Cir. 2007). Whereas a factual attack "asserts that jurisdiction is lacking on the basis of facts outside of the pleadings." Compagnie Mar. Marfret, 532 F. Supp. 2d at 373 (quotation omitted). When faced with a factual attack, the court is "**not confined to the allegations in the complaint and 'can look beyond the pleadings to decide factual matters relating to jurisdiction**.'" Rivera Torres v. Junta de Retiro Para Maestros, 502 F. Supp. 2d 242, 247 n. 3 (D.P.R. 2007) (quotation omitted) (emphasis added).

**B. Dismissal for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6)**

Fed. R. Civ. P. 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Ruling upon such a motion requires determining if "all the facts alleged [in the complaint] when viewed in the light most favorable to the plaintiffs, render the plaintiff's entitlement to relief plausible." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 14 (1st Cir. 2011). Hence, dismissal is proper only when the alleged facts "taken as true, do not warrant recovery." Martell-Rodríguez v. Rolón Suarez, 2020 WL 5525969, at *2 (D.P.R. 2020) (quotation omitted). This requires treating non-conclusory factual allegations as true. See Nieto-Vicenty v. Valledor, 984 F. Supp. 2d 17, 20 (D.P.R. 2013). Legal conclusions do not receive this deferential treatment and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Borras-Borrero v. Corporacion del Fondo del Seguro del Estado, 2020 WL 2097553, at *4 (1st Cir. 2020) (quotation omitted).

**C. Preemption of Employee's State-Law Action by the RLA**

In Hawaiian Airlines, Inc., v. Norris, the Supreme Court of the United States addressed RLA preemption of state law. *See* Hawaiian Airlines, Inc., v. Norris, 512 U.S. 246, 261-63 (1994). The Court therein "adopt[ed] the *Lingle* standard to resolve claims of RLA preemption." Id. (citing Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399 (1988)). While the Supreme Court ultimately held the right asserted by defendant was independent from the CBA and did not need to be arbitrated, it nonetheless recognized that the threshold question to determine if the RLA preempts state law action is if the interpretation of a CBA is necessary or if "[the] claims are independent of the CBA." Id. at 266. Likewise, in Andrews v. Louisville & Nashville R.R. Co., the claimant's exclusive remedy for his damages claim for wrongful dismissal was arbitration because a state law claim was preempted given that it "depend[ed] on the interpretation" of the CBA. Andrews v. Louisville & Nashville R.R. Co., 406 U.S. 320, 324 (1972). Hence, **a claim under state law that requires interpretation of a CBA is preempted by the RLA**. *See* Hawaiian Airlines, Inc., 512 U.S. at 252-253; Adames v. Executive Airlines, Inc., 258 F.3d 7, 16 (1st Cir. 2001); Martínez-González v. AMR Corp., 787 F.Supp.2d 199, 204 (D.P.R. 2011) Burgos v. Executive Air, Inc., 914 F.Supp. 792, 796 (D.P.R. 1996).

Unsurprisingly, RLA preemption of claims invoking Puerto Rico employment law has previously been raised before the District of Puerto Rico. *See e.g.,* Martínez-González, 787 F.Supp.2d at 204. In Martínez-González*,* an ex-employee of AMR Corporation d/b/a American Airlines, Inc. brought an action for unjust dismissal under Law 80-1976, P.R. Laws Ann. Tit 29, § 185a, et seq., as amended. Id. However, the Court found that his claim was preempted because the determination of his claim "hing[ed] on an interpretation of the Agreement [CBA]." Id.

**D. Major and Minor Disputes under the RLA**

Congress enacted the RLA to regulate the labor regime for railroads and later extended the statute to the airline industry. *See* Air Line Pilots Ass'n, Intern. v. Guilford Transp. Industries, Inc., 399 F.3d 89, 92 (1st Cir. 2005). The RLA provides a framework for the resolution of labor disputes to "avoid any interruption to commerce or the operation of any carrier engaged therein." 45 U.S.C. § 151a. It also "provide[s] for the prompt and orderly settlement of controversies concerning rates of pay, rules, and working conditions." Id.; *see also* Santoni Roig v. Iberia Lineas Aereas de España, 688 F.Supp. 810, 812 (D.P.R. 1988).

The Act distinguishes between two types of disputes: 1) disputes regarding rates of pay, rules, or working conditions; and 2) disputes arising out of grievances or the interpretation or application of agreements covering rates of pay, rules, or working

conditions. *See* 45 U.S.C. §151a; *see also* Hawaiian Airlines, Inc., 512 U.S. at 252. The first type of dispute, called major disputes, "relates to disputes over the formation of collective agreements or efforts to secure them." Elgin, J. & E. Ry. Co. v. Burley, 325 U.S. 711, 723 (1945); Atchinson, Topeka and Santa Fe Ry. Co. v. Buell, 480 U.S. 557, 563 (1987) (quotation omitted); Santoni Roig, 688 F. Supp. at 812-13 (citation omitted). The second type, known as minor disputes, consists of disputes which "contemplate[] the existence of a collective agreement already concluded or, at any rate, a situation in which no effort is made to bring about a formal change in terms or to create a new one." Consolidated Rail Corp. v. Railway Labor Executives Ass'n., 491 U.S. 299, 303 (1989) (quoting Elgin, 325 U.S. at 723). Thus, "[a] dispute is considered minor whenever the challenged conduct is 'arguably justified' either by the text and negotiating history of the CBA or by the past practices of the parties . . . [whereas] [d]isputes falling outside the purview of the CBA are termed 'major'." Air Line Pilots Ass'n, Intern., 399 F.3d at 93 (internal citation omitted).

Minor disputes must be resolved by a System Board of Adjustment, an "industry-specific dispute resolution mechanism." Adames, 259 F.3d at 11; *see also* Martinez-Gonzalez, 787 F.Supp.2d at 204. The arbitration process is an **exclusive procedure** under the RLA for evaluating grievances regarding pay rates, rules, and working conditions covered by a CBA. *See* 45 U.S.C. § 152, First;

*see also* Consolidated Rail Corporation, 491 U.S. at 310-11; Hawaiian Airlines, Inc., 512 U.S. at 258 (holding that there is an "obligation under the RLA to arbitrate disputes arising out of the application or interpretation of the CBA[.]"). According to the United States Circuit Court of Appeals for the Fifth Circuit "the RLA's mandatory arbitration mechanism ... only [applies] to those rights [] aris[ing] from the provisions of a CBA." CareFlite v. Office and Professional Employees Intern. Union, 612 F.3d 314, 321 (5th Cir. 2010). Therefore, "[t]he assertion of any right that is not created by a CBA is therefore not subject to a binding arbitration under the statute." Id. at 320-21.

Thus, a claimant seeking the resolution of a minor dispute, such as Plaintiff in the present case, can only use the arbitration mechanism for seeking remedies. *See* Andrews, 406 U.S. at 325; *see also* Buell, 480 U.S. at 563 ("Minor disputes initially must be dealt with through a railroad's [here airline's] internal dispute resolution processes, and if not settled there, may be submitted to a division of the Adjustment Board.").

### III. ANALYSIS

Plaintiff claims AA owes him a payment of $5,040.00 for sick leave during the period he was quarantined because he contracted COVID-19. (Docket No. 8-1 at 1). Accrual and payment of sick leave are regulated by Article 24 of the CBA to which Plaintiff and AA are parties. (Docket No. 12-1 at 7-8). Moreover, Article 34 of the

CBA contains an arbitration clause in accordance with the RLA that establishes a System Board of Adjustment/Arbitration ("System Board"). Id. at 17. The System Board has jurisdiction over disputes growing out of the interpretation or application of the CBA. Id. Paragraph "(D)" of the Article expressly explains that:

> **[T]the System Board shall have jurisdiction over disputes between any employee covered by this Agreement and the Company growing out of grievances or out of the interpretation or application of any terms of this Agreement.** The jurisdiction of the Board shall not extend to proposed changes in hours of employment, basic rates of compensation or working conditions covered by this Agreement or any of its amendments.

Id. (emphasis added).

Plaintiff's claim for sick leave is a minor dispute because it requires interpretation of Article 24 of the CBA. *See* Adames, 258 F.3d at 15-16 (holding that sick leave, among other claims, is a "minor dispute" under the RLA because it concerns the interpretation of the CBA); Font Llacer v. Pan American World Airways, Inc., 582 F.Supp. 188, 191 (D.P.R. 1984) (holding that claim that an airline company violated a CBA by refusing to recall an ex-employee despite his seniority status was a minor dispute). Precisely because it requires interpretation of the CBA, Plaintiff's claim is preempted by the RLA and subject to arbitration before the System Board. *See* Burgos, 914 F.Supp. at 796-97 (holding that claims of a former flight attendant seeking compensation for vacation time, rest and meal periods and overtime,

were preempted by the RLA because they required the interpretation of the CBA). **Accordingly, this Court lacks subject matter jurisdiction over this action.** *See* De La Rosa Sanchez v. Eastern Airlines, Inc., 574 F.2d 29, 32 (1st Cir. 1978) (finding that a pilot's dispute over disability and pension payments in the amount of $1,500 a month was a "minor dispute" subject to the exclusive jurisdiction of the Pilots System Board of Adjustment).

### IV. CONCLUSION

It is a well-settled that "when a court finds an issue presented for resolution to be a minor dispute it must dismiss the claim for want of jurisdiction." Santoni Roig, 688 F. Supp. at 813. For the foregoing reasons, the Court **GRANTS** the *Motion to Dismiss Complaint* at Docket No. 12. Judgment dismissing the action **without prejudice** shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of August 2021.

S/ RAÚL M. ARIAS-MARXUACH<br>
United States District Judge